**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:                                                                                          CASE NO. 19-13576-scc

      S.L.B. Essex Family Limited Partnership,                  CHAPTER 11

                    Debtor.
-------------------------------------------------------------X

### ORDER GRANTING CREDITOR CITIMORTGAGE, INC. AND CENLAR FSB'S MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY AND FOR *IN REM* RELIEF

Upon the motion of CitiMortgage, Inc. and Cenlar FSB, dated April 20, 2020 (the "Motion"), for an order granting dismissal of the Debtor's Chapter 11 proceeding pursuant to 11 U.S.C. § 1112(b), or in the alternative for an order pursuant to 11 U.S.C. § 362(d) vacating the automatic stay herein so as to permit CitiMortgage and Cenlar, as its servicer, to proceed in an action to enforce its mortgage on the real property that is the sole asset in this case, located at 160 Central Park South, Units 1101 & 1162, New York, NY 10019 (the "Property"), and for *in rem* relief for a period of two years with respect to the Property; and upon all of the proceedings had before the Court, including the hearing held before the Court on June 3, 2020; and after due consideration and sufficient cause being shown to this Court, therefore it is:

**ORDERED**, that the Motion is granted on consent of the Debtor as provided herein; and it is further

**ORDERED**, that, the appropriate notice having been given, cause exists for the requested dismissal of this case; and it is further

**ORDERED**, that this case commenced under Chapter 11 of the Bankruptcy Code be and hereby is dismissed pursuant to 11 U.S.C. § 1112(b); and it is further

**ORDERED**, that, under 11 U.S.C. § 362(d)(4), and provided that this Order is recorded in public land records against the property in conformity therewith, this Order terminating the automatic stay under 11 U.S.C. § 362(a) as to CitiMortgage's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than one year from September 1, 2020 ("In Rem Period"), such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to the interest of CitiMortgage, or Cenlar as its servicer, or their successors and assigns, in the Property; and it is further

**ORDERED**, that should the current moratorium on foreclosure actions and foreclosures sales in New York State be extended past August 20, 2020, by executive order of the Governor of New York, or by order, statute, directive, or provision of competent legal authority, counsel for CitiMortgage and Cenlar may apply to this Court for postponement of the start of the In Rem Period accordingly; and it is further

**ORDERED**, that the Debtor pay to the United States Trustee for Region 2 the appropriate sum required pursuant to 28 U.S.C. § 1930, together with interest, if any, pursuant to 31 U.S.C. § 3717, within ten days of the entry of this Order and contemporaneously file an appropriate affidavit setting forth the Debtor's cash disbursements for the relevant period; and it is further

**ORDERED**, that the Court hereby retains jurisdiction to interpret and enforce this Order.

Dated: New York, New York
June 9, 2020

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:
WILLIAM K HARRINGTON
United States Trustee

By: */s/ Andrea B. Schwartz, Esq.*
Trial Attorney